IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW HOUK,                          )
                                       )
                    Plaintiff,         )          Civil Action No.:  2:25-cv-01897
          vs.                          )
                                       )
TRINITY STEEL, INC.,                   )
                                       )
                    Defendants.        )
                                       )

**Brief in Support of**
**Defendants' Motion to Dismiss Plaintiff's Complaint**

Defendant Trinity Steel, Inc. ("Trinity") submits this Brief in Support of their Motion to
Dismiss Plaintiff's Complaint.[1]

**I.    Preliminary Statement**

This is an employment dispute in which Mr. Houk brings three claims against Trinity, his
former employer, under the Americans with Disabilities Act ("ADA") and the Pennsylvania
Worker's Compensation Act. Two of those claims, Counts I and II, do not state plausible grounds
for relief and should be dismissed.[2]

Count I is a "regarded as" disability claim centered on the allegation that Trinity terminated
Mr. Houk because it purportedly viewed him as "too disabled to work" after he fractured two of
his ribs while operating a crane at work.  *See* Complaint, ¶¶ 11-12, 46. Mr. Houk cannot establish
a *prima facie* case of disability discrimination because the injury at issue, Mr. Houk's two fractured
ribs, is as pleaded, objectively transitory and minor. Where an individual's impairment is transitory

---

[1]    Unless otherwise indicated, this brief uses the same defined terms in the motion.

[2]    Count III, which alleges retaliation under the Pennsylvania Worker's Compensation Act, is not subject to this
Motion.

and minor, an individual may not assert a "regarded as" disability claim. Mr. Houk offers no facts suggesting Trinity perceived his condition as anything more serious than the temporary rib fractures he reported. Indeed, his Complaint confirms that his injury was transitory and minor as Mr. Houk admitted that he returned to work approximately two months later "without restrictions." *See* Complaint ¶ 20. For these reasons, Count I fails to state a claim for relief in which relief can be granted, and cannot do so on these facts.  Accordingly, Count I should be dismissed, without leave to amend.

Count II alleges Mr. Houk was retaliated against after he engaged in alleged protected activities of reporting his workplace injury and requesting medical leave. Mr. Houk's retaliation claim fails for several reasons. First, Mr. Houk's assertion that he engaged in protected activity is conclusory and improperly plead, as he offers no factual details about when or to whom he reported his injury or requested medical leave. He thus cannot plausibly allege that he engaged in any protected activity under the ADA. Second, and more importantly, he provides no facts showing a causal link between these alleged activities and his termination. Mr. Houk's claim rests solely on temporal proximity, yet he admits that approximately two months passed between his alleged protected activities and his termination. *See* Complaint, ¶¶ 11, 27. Such a gap is not suggestive of retaliation. For these reasons, Count II fails to state a claim for relief in which relief can be granted and accordingly should be dismissed, without leave to amend.

Finally, because Mr. Houk's Count III is based entirely on Pennsylvania's Worker's Compensation Act, if and to the extent that both Counts I and II of Mr. Houk's Complaint are dismissed as requested herein, so should Count III, as this Court will no longer have jurisdiction over the same.

## II.    Background and Procedural Posture

Trinity is steel fabricator and manufacturer which fabricates both structural steel and miscellaneous metals. Mr. Houk was employed by Trinity as a "Machine Operator" from July 9, 2024 to October 1, 2024–the date on which Trinity informed him that it was terminating his employment for poor work performance. *See* Complaint, ¶¶ 9, 27.

In August 2024, Mr. Houk was injured while performing his duties as a Machine Operator and fractured two of his ribs. *See* Complaint, ¶ 12. Mr. Houk was granted paid medical leave and did not return to work until September 24, 2024. *See* Complaint, ¶¶ 14-15, 20. Less than one week after Mr. Houk returned to work, he purportedly received a bug bite on his wrist and developed an infection, causing him to be absent from work. *See* Complaint, ¶¶ 23-26. On October 1, 2024, Trinity terminated Mr. Houk. *See* Complaint, ¶ 27.

On March 18, 2025, Mr. Houk dual-filed a Charge of Discrimination under the ADA with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Commission on Human Relations ("PHRA"). On September 9, 2025, the EEOC issued a Notice of Right to Sue.

On December 8, 2025, Mr. Houk filed his Complaint, asserting three counts: (1) disability discrimination under the ADA; (2) retaliation under the ADA; and (3) retaliation under the Pennsylvania Workers' Compensation Act. Mr. Houk's disability discrimination and retaliation claims fail as they do not state plausible grounds for relief and should be dismissed, without leave to amend.

## III.    Legal Standard

Defendant files this motion pursuant to Fed. R. Civ. P. 12(b)(1), due to this Court's lack of subject matter jurisdiction if Mr. Houk's federal claims are dismissed, and Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed under rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). While the Court must accept well-pleaded factual allegations as true, it need not accept unsupported inferences drawn by the plaintiff nor the complaint's legal conclusions. *See Busch v. Oswayo Valley School Dist.*, 1:15-cv-239, 2016 U.S. Dist. LEXIS 131802, at *9 (W.D. Pa. Sept. 27, 2016) (citing sources). This means that plaintiffs must make a "showing" rather than blanketly assert a right to relief.  *See Id.* (citing sources). A complaint is properly dismissed under Rule 12(b)(6) when it does not allege enough facts to state a claim to relief that is plausible on its face or that allows the court to reasonably infer that the defendant is liable on the allegations. *See Id.* (citing sources).

### IV.     Legal Analysis

#### A. Mr. Houk fails to allege a *prima facie* case of disability discrimination because Mr. Houk's injury was transitory and minor.

Mr. Houk's first count, for disability discrimination in violation of the ADA, relies on allegations that Mr. Houk was "regarded as" disabled by Trinity, purportedly relating to a temporary impairment. *See* Complaint ¶¶39, 41. Because an impairment that is objectively "transitory and minor" cannot support a "regarded as" claim under the ADA, Mr. Houk cannot establish a *prima facie* case of disability discrimination. *See* 42 U.S.C. § 12102(3)(A); *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 249 (3d Cir. 2014).

To establish a *prima facie* case of disability discrimination under the ADA, Mr. Houk must demonstrate that (1) he is a qualified individual with a disability, (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation, and (3) he has suffered an adverse employment decision as a result of discrimination. *See Belich v. Johnson & Johnson, Inc.*, 6 F. Supp. 3d 589, 611 (W.D. Pa. 2014). An individual is disabled under the ADA if he has "a physical or mental impairment that substantially limits one of more major life activities of such individual, a record of such impairment, or [is] regarded as having such impairment." *See*

*Lackey v. Heart of Lancaster Reg'l Med. Ctr.*, 704 Fed. Appx. 41, 48 (3d Cir. 2017). An individual is "regarded as" disabled when "the individual establishes that he . . . has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *See* 42 U.S.C. § 12102(3)(B); *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245 (3d Cir. 2014).

Notably, an employee cannot "state a plausible perceived disability claim under the ADA … when the alleged impairment is 'transitory and minor', as defined by the ADA as 'an impairment with an actual or expected duration of six months or less.'" *See Michalesko v. Freeland Borough*, 658 Fed. Appx. 105, 107 (3d Cir. 2016) (affirming motion to dismiss ADA disability discrimination claim because "any perceived impairment related to [Plaintiff's] single acute stress reaction would have been objectively transitory and minor, and the District Court thus did not err in dismissing the disability claim."). "Whether an impairment is 'transitory and minor' is to be determined objectively." *See Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (quoting 29 C.F.R. § 1630.15(f)). When an employee alleges a perceived disability, "the relevant inquiry is whether the impairment that the employer perceived is an impairment that is objectively transitory and minor." *See Id.*

The decision in *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245 (3d Cir. 2014) is particularly relevant to these facts. There, Appellant Budhun moved for leave to amend her complaint to add a claim under the ADA, alleging that Appellee Reading Hospital "regarded her as being disabled." *See Id.* at 259. When considering Budhun's motion for leave to amend, the Third Circuit explained, "a court may deny leave to amend when such an amendment would be

futile" and that an "[a]mendment would be futile if the amended complaint would not survive a motion to dismiss for failure to state a claim."[3] *See Id.*

The Third Circuit denied Budhun's motion for leave to amend her complaint because, as shown on the face of Budhun's proposed amended complaint, Budhun's impairment was objectively transitory and minor. *See Id.* at 260. The Third Circuit reasoned:

> "It is abundantly clear that Reading considered Budhun to have a broken bone in her hand and nothing more. The proposed amended complaint indicates that Alvarez knew that she had a broken finger. App. 37. Nowhere in the complaint does Budhun allege that Reading thought her injury was anything other than a broken fifth metacarpal. This injury is objectively transitory and minor. Budhun's proposed amended complaint concedes as much because it describes the loss of the use of her pinky finger as 'temporary.' Id. She specifically alleges that her injury resulted in the 'lost use of three fingers for approximately two months.' As it was evident from the face of her proposed amended complaint that Reading regarded her injury as one that is objectively transitory and minor, the District Court was well within its discretion to deny her motion for leave to amend as futile." *Id.*

A similar conclusion follows here. In Mr. Houk's Complaint, he proceeds under the "regarded as" theory of disability.[4] Mr. Houk alleges that he fractured two ribs, that Trinity was aware of this rib injury, and Trinity regarded Mr. Houk as disabled because of his injury. *See* Complaint, ¶¶ 12, 41-42. Mr. Houk also alleges Trinity did not engage in an interactive process to

---

[3]    Accordingly, while the procedural posture of *Budhun* differed from the case at hand, the same legal standard applied to the court's analysis.

[4]    Mr. Houk proceeds solely under the ADA's "regarded as" prong. Even so, if Mr. Houk attempted to claim that his injury "substantially limited one or more major life activities", this argument would fail because Mr. Houk's Complaint contains no allegations that his two fractured ribs substantially limited any major life activity. *See Butler v. BTC Foods Inc.*, civil action no. 12-492, 2012 U.S. Dist. LEXIS 151582, *8-9 (E.D. Pa. Oct. 19, 2012) (motion to dismiss granted where Plaintiff did not allege that "his hernia is anything more than a one-time occurrence" and "an employee's inability to work for a period of after recovering from surgery does not necessarily support a finding that Plaintiff has a disability under the ADA."). *Zick v. Waterfront Comm'n of N.Y. Harbor*, no. 11 civ. 5093, 2012 U.S. Dist. LEXIS 144920, *10 (S.D.N.Y. Oct. 4, 2012) (granting motion to dismiss ADA claim because a "broken leg falls among the types of temporary injuries unprotected as a 'disability under the ADA"). This is especially true as Mr. Houk admits in his Complaint that he was authorized to return to work, and in fact did so "without restrictions." *See* Complaint ¶ 20.

determine a reasonable accommodation for Mr. Houk.[5] *See Id.* at ¶ 43. Notably, the Third Circuit

has held that broken bones, such as an ankle fracture or broken finger, are objectively transitory

and minor impairments. *See Goodwin v. Univ. of Pa*., No. 23-3211, 2024 U.S. App. LEXIS 28012,

*5 (3d Cir. 2024) ("Nor was Goodwin 'regarded as' disabled because her ankle fracture was a

'transitory and minor' impairment. 42 U.S.C. § 12102(3)(B); *Budhun*, 765 F.3d 245 (3d Cir. 2014).

As in *Budhun*, here the Complaint contains no allegation that Trinity perceived Mr. Houk's injury

as anything beyond two fractured ribs. Indeed, Mr. Houk expressly concedes that he returned to

work approximately two months later "without restrictions," resuming all duties of his Machine

Operator position. *See Id.* at ¶ 20. There is no question then that this injury is temporary, or

transitory—as it falls well short of the six-month standard referenced in *Michalesko*, above.

The Complaint's allegations and Mr. Houk's admission confirms that his injury was

objectively transitory and minor, as it was fully resolved within two months or less, and not

perceived by Trinity as anything more than what it was—two fractured ribs.[6] Because Mr. Houk's

rib injury was transitory and minor, he cannot assert a "regarded as" claim of disability

discrimination. Therefore, like *Budhun*, Mr. Houk's disability discrimination claim cannot survive

---

[5]    It should be noted that Plaintiff flips this standard on its head. It is the employee's responsibility, not the employer, to initiate the interactive process by notifying the employer of the need for an accommodation. Because Mr. Houk never notified Trinity of a need for an accommodation or requested an accommodation, he cannot fault Trinity for not engaging in an interactive process that Mr. Houk himself never initiated. *See Jones v. United Parcel Serv*., 214 F.3d 402, 408 (3d Cir. 2000); *Walter v. Cumberland Valley Sch. Dist*., 4:08-cv-1586, 2010 U.S. Dist. LEXIS 57177, *16 (M.D. Pa. June 10, 2010) ("The touchstone of the law of reasonable accommodations in the Third Circuit is the requirement that an employee initiate and engage in an 'interactive process' with the employer regarding the employee's need for accommodation.").

[6]    Mr. Houk alleges that, immediately following his injury, Trinity "regarded Mr. Houk as too disabled to work due to his placement on medical leave." *See* Complaint ¶ 16. Of course, the fact that Trinity regarded Mr. Houk has having a temporary injury which required him to be placed on a temporary medical leave has no bearing on whether Trinity regarded Mr. Houk as disabled. As the Complaint makes clear, Mr. Houk was cleared to work without restrictions after taking medical leave, and in fact did so. *See* Complaint ¶ 19-20.

a motion to dismiss for failure to state a claim and should be dismissed accordingly, without leave to amend.

### B. Mr. Houk fails to state a claim for retaliation under the ADA.

Mr. Houk's retaliation claim fails because the Complaint does not plead sufficient facts showing he engaged in any protected activity under the ADA and fails to establish a causal connection between his alleged protected activity and his termination.

To establish a *prima facie* case of retaliation under the ADA, Mr. Houk must show the following: (1) a protected employee activity, (2) adverse action by employer, and (3) a causal connection between his protected activity and the employer's adverse action. *See Yanoski v. Silgan White Cap Americas, LLC*, 179 F. Supp. 3d 413, 425-26 (M.D. Pa. 2016). Mr. Houk falls short on two of those three essential elements.

   i.    <u>Mr. Houk failed to plead sufficient facts demonstrating he engaged in a legally protected activity.</u>

First, Mr. Houk fails to establish a *prima facie* case of retaliation because he does not allege sufficient facts showing he engaged in a protected activity. In Mr. Houk's Complaint, he alleges that Trinity retaliated against him by terminating him for reporting his workplace injury, which he claims he reported to his supervisor, and requesting medical leave.[7] *See* Complaint ¶ 13, 52. Mr. Houk's allegations are entirely conclusory and do not constitute an allegation that he engaged in protected activity under the ADA. Courts consistently dismiss ADA retaliation claims when a plaintiff fails to plead specific facts showing that they engaged in a protected activity.[8]

---

[7]    Curiously, Mr. Houk's Complaint is inconsistent regarding his alleged request for medical leave. For example, Mr. Houk initially indicates that he was "placed" on medical leave, but later states that he "requested medical leave." *See* Complaint, ¶¶ 15, 52.

[8]    *See Hitch v. Pittsburgh*, No. 23-2065, 2024 U.S. App. LEXIS 12047, *5-6 (3d Cir. 2024) (Dismissing plaintiff's ADA retaliation claim because his allegation of engaging in protected activity, that he "requested a reasonable accommodation", was conclusory and after excluding the conclusory allegations, plaintiff did not allege

The Complaint does not state the date Mr. Houk was injured, the date Mr. Houk reported his injury, the date Mr. Houk requested medical leave or to whom the request was made. The Complaint does not include any factual allegations as to a request for reasonable accommodation made by Mr. Houk to Trinity. The only factual details in Mr. Houk's Complaint are that he reported the injury to his supervisor and was placed on medical leave. He further alleges that he requested time off work due to an insect bite, but does not allege that such insect bite require accommodation by Trinity, or that he was terminated in connection with any such request. Mr. Houk's conclusory pleadings do not satisfy the first element of his ADA retaliation claim.

    ii.    <u>Mr. Houk failed to plead sufficient facts establishing causation between his alleged protected activities and his termination</u>.

Second, Mr. Houk fails to plead sufficient facts to establish causation: *i.e.* that Mr. Houk's termination was causally related to his alleged protected activities.

"To establish the requisite causal connection a plaintiff usually prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. If a plaintiff relies on the temporal proximity to establish a causal connection, which Mr. Houk does here, the timing of the alleged retaliatory action must be unusually suggestive of retaliatory motive." *See Oden v. SEPTA*, 137 F. Supp. 3d 778, 791 (E.D. Pa. 2015), *aff'd*, 671 F. App'x 859

---

that he engaged in protected activity.); *Andrews v. Highmark Health*, 2:22-cv-917, 2022 U.S. Dist. LEXIS 193806, *9-10 (E.D. Pa. Oct 25, 2022) (motion to dismiss granted where "[t]he Complaint does not explain whether the alleged accommodation requests were made orally or in writing or whether they were submitted to a supervisor or to someone who was positioned to meaningfully address or respond to the requests … [a]s such, Ms. Andrews does not sufficiently allege the first element of her ADA Retaliation claim."); *Coleman v. Chil.'s Hosp.*, no. 22-1445, 2022 U.S. Dist. LEXIS 150821, *8-9 (E.D. Pa. Aug. 23, 2022) ("Plaintiff here fails to allege a protected activity … [t]he only paragraph of the Amended Complaint that reflects a protected activity is an allegation that "Plaintiff requested a reasonable accommodation of time off from work." Am. Compl. ¶ 25. She does not indicate when this request was made or who this was made to. She does not indicate what, if any, Defendant's response was. Plaintiff merely indicates that she took such time off and then later returned to work. This is simply not sufficient to plausibly allege a violation of the law.").

(3d Cir. 2016) (internal citation, punctuation, and quotations omitted). When a causal connection relies on temporal proximity alone, courts in this circuit generally require that the adverse activity must be close in time to the protected activity to qualify as "unusually suggestive." *See Rosati v. Colello*, 94 F. Supp. 3d 704, 717 (E.D. Pa. 2015) ("Days are suggestive; months are not."); *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (three-week gap between protected activity and adverse employment action is not unduly suggestive of retaliation).

Mr. Houk alleges that "the close temporal proximity" between his alleged protected activities, reporting his injury and requesting medical leave, and his termination "strongly suggests a causal connection". *See Id.* at ¶ 53. The timing between these events is not unusually suggestive, nor has Mr. Houk asserted any facts suggesting a pattern of antagonism by Trinity employees. This is especially true as there was about a two-month gap between Mr. Houk's alleged protected activities and his termination. *See* Complaint, ¶¶ 11, 27. That is, Trinity did not terminate Mr. Houk in response to a request by him for medical leave.[9] Instead, it facilitated the process of him obtaining medical care from MedExpress, and coverage via its workers' compensation plan. *See* Complaint, ¶ 14. Mr. Houk's termination occurred after the complete resolution of his worker's compensation claim, at a time when he had been cleared to return to work without restrictions. *See* Complaint, ¶ 20.

For these reasons, Mr. Houk has not established a *prima facie* case of retaliation and Count II should be dismissed accordingly, without leave to amend.

---

[9]    In fact, Mr. Houk's Complaint is unclear and inconsistent as to whether he in fact requested medical leave. In his paragraph 14, Mr. Houk pleads that: "MedExpress determined that Mr. Houk could not safely perform his job duties due to his rib fractures and placed him on a medical leave of absence." Then, in paragraph 52, in an apparent attempt to support his retaliation claim, he alleges that he "requested medical leave." The contradiction represents a material ambiguity in Mr. Houk's pleadings, which at minimum must be resolved via amendment thereto. If, however, Mr. Houk cannot truthfully plead that he requested medical leave in connection with his workplace injury, his claim should be dismissed for this reason alone.

**C.  Count III should be dismissed for lack of jurisdiction.**

Mr. Houk's Count III is based entirely on Pennsylvania Worker's Compensation Act, P.S. § 1, *et seq,*. In the event that this Court grants Defendant's Motion to Dismiss with respect to Counts I and II, then Count III should also be dismissed, as this Court will no longer have jurisdiction to hear the same. *See Ritter v. Passavant Mem'l Homes*, 2:22-cv-1407, 2023 U.S. Dist. LEXIS 22475 (W.D. Pa. Feb 7, 2023) ("Having determined that Plaintiffs' . . . ADA claims are dismissed from the case, the remaining Count V, Pennsylvania state-law negligence claim, does not present any federal question. When federal question jurisdiction ceases to exist, a district court may, in its discretion, decline to exercise supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009).").

## V.  Conclusion

Counts I and II of Mr. Houk's Complaint should be dismissed for the reasons expressed above, which include Mr. Houk's failure to establish a *prima facie* case of disability discrimination and retaliation under the ADA. Without these federal claims, the Court lacks federal question jurisdiction, and therefore Trinity respectfully requests that this Honorable Court dismiss not only Counts I and II, but dismiss the Complaint in its entirety.

Dated:  February 13, 2026

Respectfully submitted,

TUCKER ARENSBERG, P.C.

*/s/ Ronald J. Lefebvre*
Mark F. Fischer, Esquire
PA I.D. No. 69425
mfischer@tuckerlaw.com
Ronald J. Lefebvre, Esquire
PA I.D. No. 326174
rlefebvre@tuckerlaw.com
Margaret M. Grimm, Esquire
PA I.D. No. 335299
mgrimm@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA  15222
(412) 566-1212